IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 4, 2020

## IN RE: TENNESSEE BONDING COMPANY[1]

**Appeal from the Circuit Court for Lewis County
Nos. 2019-CR-63, 2019-CR-65, 2019-CR-66, 2019-CR-67, 2020-CR-1
Michael E. Spitzer, Judge**

—————————————————————

**No. M2020-00656-CCA-R3-CD**

—————————————————————

Tennessee Bonding Company, Appellant, surrendered the defendant, Larry Patton, to the Lewis County Sheriff's Department but failed to notify the trial court of the surrender. Five weeks later, the trial court *sua sponte* entered an order exonerating Appellant on the bond but requiring Appellant to return "any and all premiums previously paid" and discharging the defendant from any remaining obligation for payment on the bond. Appellant filed a motion to reconsider asking for a hearing, which was summarily denied by the court. In this extraordinary appeal, Appellant claims the trial court erred by denying Appellant a hearing. After review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Cayley J. Turrin, Brentwood, Tennessee, for the appellant, Tennessee Bonding Company.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Kim R. Helper, District Attorney General; and Jennifer M. Mason, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] Documents relating to the bond proceedings were styled in accordance with the underlying criminal case, *State v. Larry Patton*. Because Tennessee Bonding Company, rather than the defendant is the appellant in these proceedings, this court's policy is to style this case as "In re: Tennessee Bonding Company." *See In re: Sanford & Sons Bail Bonds, Inc.*, 96 S.W.3d 199, 206, n.1 (Tenn. Crim. App. 2002); *In re: AB Bonding Co., Inc.*, No. M2003-02813-CCA-R3-CD, 2004 WL 2853540, at *3 (Tenn. Crim. App. Dec. 10, 2004), *no perm. app. filed*.

# OPINION

On February 4, 2020, Appellant secured a $100,000 appearance bond so that the defendant could obtain his release on five pending circuit court cases. On March 10, 2020, Appellant surrendered the defendant to the Lewis County Sheriff's Department ("Sheriff's Department") by submitting the following form:

## SURRENDER TO SHERIFF[2]

I, <u>Daniel Kilpatrick</u>, being a duly qualified professional bail bondsman, pursuant to Tennessee Code Annotated 40-11-136 and 40-11-137, do hereby surrender <u>Lawrence Darrell Patton,</u> for whom I am surety on his/her bond in the case of State of Tennessee vs. <u>Lawrence Darrell Patton</u>, which is in the <u>Circuit</u> Court for <u>Hohenwald</u>, Tennessee, for charges of <u>FTAX2, DOR, Evading</u> on a bond in the amount of <u>100,000</u>, do hereby surrender to the Sheriff of <u>Lewis</u>, County, Tennessee the above named defendant for the following reasons:

<u>failure to meet bond condition removed ankle monitor and was found out of town     TCA Code 40-11-132</u>_____

And *I certify that I am surrendering the defendant pursuant to law and will notify the above responsible Judge as soon as that Judge appears in his office after the signing of this Surrender.*  I understand that the [d]efendant can have a hearing within 72 hours to determine whether or not this Surrender was in good cause. (emphasis added)

Time:   <u>22:00</u>
Date:   <u>3-10-20</u>

/s/ Daniel Kilpatrick
Bail Enforcement Agent

Witnessed by:

_____ */s/* (illegible)
Magistrate and/or Sheriff's Department

I, _____, the [d]efendant in the above cited criminal case, have been advised by the _____County Sheriff's Department that I can be brought

---

[2] The motion to reconsider stated that the Surrender to Sheriff form ("Surrender Form") was "provided by the Lewis County Sheriff's Office."

before the above Court as soon as practical and within 72 hours for a hearing to determine whether the surrender by my bondsman was for good cause. If the Court finds that the surrender was not for good cause, I may be re-released under certain circumstances.

_____I DO REQUEST A HEARING      \_\_\_\_ I DO NOT REQUEST A HEARING

Time: _____
Date: _____

_____
                                    Defendant

Witnessed By:

_____
Magistrate and/or Sheriff's Department

The bottom section of the Surrender Form was not filled out. The Surrender Form in the record on appeal shows that it was stamped filed by the Circuit Court Clerk for Lewis County on April 16, 2020, at 2:15 p.m.

Also, on April 16, 2020, the trial court, _sua sponte_, entered an order exonerating Appellant on the $100,000 bond. However, the trial court ordered Appellant to return all premiums paid on the bond to the defendant because the Appellant failed to notify the court of the defendant's surrender. The court also discharged the defendant from any remaining obligation for payment toward the premium on the $100,000 bond.[3]

On April 21, 2020, Appellant filed a motion to reconsider the April 16, 2020 order, claiming that Appellant "followed proper procedure under Tenn. Code Ann. § 40-11-137(a)." Based on the language at the bottom of the Surrender Form, Appellant claimed that the Lewis County Sheriff's Office, not the Appellant, was responsible for notifying the court. Appellant also claimed that "[t]he Sheriff's Department failed to [notify the court,] and they thus violated the defendant's right to a seventy-two[-]hour hearing before the [c]ourt not the [Appellant]." The motion to reconsider did not address Mr. Kilpatrick's certification in the Surrender Form "that [he] will notify the Circuit Judge as soon as that Judge appears in his office after the signing of this Surrender."

---

[3] Appellant also surrendered the defendant on a second $100,000 bond for the charge of unlawful possession of a weapon by a convicted felon. Because the case that was the basis for the second bond was still pending in the General Sessions Court, the Circuit Court determined that it lacked jurisdiction to consider the defendant's surrender on the second $100,000 bond.

By order entered on April 22, 2020, the trial court summarily denied the motion to reconsider, stating in part that "[t]he court was not notified of the defendant's surrender by [Appellant], as required by Tenn[essee] Code Ann[otated section] 40-11-137(a)" and therefore, that the defendant "was denied his statutory right to a hearing within seventy-two hours" so that the court could determine "whether the surrender was for good cause."

On May 5, 2020, Appellant filed an Application for Extraordinary Appeal pursuant to Tennessee Rule of Appellate Procedure 10. This court granted the application by order entered on May 18, 2020.

## Analysis

In this appeal, Appellant claims that the trial court erred in denying Appellant its right to a hearing and the opportunity to present witnesses to prove that the surrender was for good cause. The State argues that the trial court properly denied Appellant's motion to reconsider.

The Appellant's entire argument and the few authorities cited in the argument section of Appellant's brief focus solely on Appellant's right to surrender the defendant for good cause pursuant to Tennessee Code Annotated section 40-11-132. Tennessee Code Annotated section 40-11-132, which governs exoneration of the bail bondsman and the surrender of a defendant, provides:

> At any time, *the bail bondsman or surety may surrender the defendant in their exoneration* or the defendant may personally surrender to the officer. Surrender by a bail bondsman or surety shall be for good cause including, but not limited to, the following:
>
> (1) The defendant has violated the contractual provisions between the defendant and the bondsman;
>
> (2) The bondsman or surety has good cause to believe the defendant will not appear as ordered by the court having jurisdiction;
>
> (3) A forfeit, conditional or final, has been rendered against the defendant;
>
> (4) The defendant has failed to appear in court either as ordered by the court or as commanded by any legal process; or
>
> (5) The defendant has been arrested while on bond.

- 4 -

Tenn. Code Ann. § 40-11-132 (2020) (emphasis added).

Appellant's argument fails to address Tennessee Code Annotated section 40-11-137, the statute that Appellant claimed it followed when it surrendered the defendant, the statute cited by the trial court in its order denying the motion to reconsider, and one of the two statutes mentioned in the Surrender Form. Tennessee Code Annotated section 40-11-137, which governs the powers and duties of a bail bondsman surrendering a defendant, provides:

(a) Upon surrendering the defendant, the bail bondsman or surety *shall, as soon as is reasonably practicable, go before any court having jurisdiction authorized to admit to bail, and notify the officer of the surrender.*

(b)(1) Any court having jurisdiction *so notified* shall have the defendant brought before it as soon as practicable, and within seventy-two (72) hours, and determine whether or not the surrender was for good cause.

(2)(A) If the court having jurisdiction finds that the surrender was arbitrary or not for good cause, it may order the defendant re[-]released upon the same undertaking or impose other conditions as provided by law.

(B) If the surrender is found to be for good cause, the court having jurisdiction shall approve the surrender by endorsement upon the bail bond or by other writing, and it shall be the duty of the surrendering bail bondsman to deliver the written approval or copy of the approval to the sheriff.

(3) This subsection (b) shall not apply where a surrender is based on a conditional or final judgment of forfeiture issued by the court having jurisdiction over the defendant.

(c) *The court shall fix the amount of premium to be refunded, if any.*

Tenn. Code Ann. § 40-11-137 (2020) (emphasis added).

A bail bondsman or surety has a mandatory duty, pursuant to § 40-11-137(a), to notify the trial court or an officer as soon as is reasonably practicable that it has surrendered a defendant. We determine that the term "officer" in Tennessee Code Annotated section 40-11-137(a) means a judicial officer, such as the court clerk, not a sheriff's deputy or law enforcement officer. *See* Tenn. Op. Att'y Gen. No. 98-174 (Aug. 28, 1998); David Louis Rabin, 9 Tenn. Crim. Prac. & P. § 4:34. In addition to its

statutory duty to notify the court when it surrenders a defendant, Appellant, through its agent Mr. Kilpatrick, *certified* that Appellant would notify the circuit judge as soon as that judge appears in his office after the signing of this surrender.

Tennessee Code Annotated section 40-11-137(c) does not limit the trial court to "fix[ing] the amount of premium to be refunded, if any" only to situations where the surrender was not for good cause. The order denying the motion to reconsider made it clear that Appellant never notified the court that it surrendered the defendant. Because Appellant breached its statutory duty to notify the court of the surrender, the court had the discretionary authority to order Appellant to refund the premium paid by the defendant and release the defendant from any further obligation to pay the premium.

**Conclusion**

The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE